UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, individually and on behalf of a class of similarly situated individuals ) ) ) | |
| ) | Case No. 1:19-cv-08173 |
| Plaintiff, ) | |
| v. ) | Hon. Joan H. Lefkow |
| ) | |
| LAZER SPOT, INC., a Georgia corporation, ) ) ) | |
| Defendant. ) | |

**DEFENDANT LAZER SPOT, INC.'S**
**MOTION TO STAY PROCEEDINGS**

Defendant Lazer Spot, Inc. ("Lazer Spot" or "Defendant"), by and through its attorneys, hereby moves for an order staying this action pending resolution of an appeal, under Ill. S. Ct. R. 308, regarding the applicable limitations period for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*. ("BIPA"). In support of its Motion, Lazer Spot states as follows:

**INTRODUCTION**

Plaintiff alleges that while he was employed by Lazer Spot, it allegedly scanned, collected and obtained his fingerprint so it could use it as an authentication method to track his time. (Dkt. No. 15 at ¶¶ 45, 46.) Plaintiff ceased working for Lazer Spot in February 2018. (*Id*. at ¶ 45.) More than a year later, Plaintiff filed this lawsuit alleging that Lazer Spot collected, used, stored and disclosed his biometric data in violation of BIPA. (*Id*. at ¶¶ 68-95.) BIPA does not include a statutory statute of limitations provision.

The First District Illinois Appellate Court is set to weigh-in on whether a one year statute of limitations period applies. In *Tims v. Black Horse Carriers, Inc*. Case No. 2019-CH-03522

(Ill. Cir. Ct. Feb. 26, 2020), the court certified and accepted an interlocutory appeal to decide the question that may terminate this matter on April 23, 2020:

> whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation-Privacy") [(one year)] or 735 ILCS 5/13-205 [(five years)] appl[ies] to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

Staying proceedings pending resolution as to this question is appropriate at this juncture for three reasons.

1. **No undue prejudice or tactical disadvantage would befall Plaintiff or the putative class should a stay be entered**. The interests of the Plaintiff and the class are protected. Lazer Spot has implemented a litigation hold since the outset of the case to ensure so and the momentary delay in discovery is not enough to militate against a stay.

2. **A ruling that a one year limitations period applies would be outcome determinative and terminate the litigation**. If the parties are unable to reach an early resolution pending the appeal in *Tims*, the contours of the class, alleged damages, and discovery will be defined by the applicable limitations period to be clarified by *Tims*. Critically, application of a one year limitations period would terminate this litigation as the Plaintiff then initiated suit approximately eight months too late.

3. **The burden and expense of full-fledged discovery is unwarranted while the Parties continue to attempt an early resolution**. Given the *Tims* appeal, and the continued efforts at an early resolution, the Parties' resources are better spent to that end. Consideration of these relevant factors shows that a stay is warranted and this Motion should accordingly be granted.

**RELEVANT PROCEDURAL HISTORY**

**I.     This Action Remains at a Nascent Stage as No Discovery Schedule Has Been Set.**

Plaintiff James Boyd employment ended in February 2018. (Dkt. No. 15 at ¶ 45.) Plaintiff filed this putative class action against Lazer Spot a year and some eight months later in the Circuit Court of Cook County, Illinois, Chancery Division on October 28, 2019. Lazer Spot timely removed the action to this Court. (*See generally* Dkt. No. 1.) Plaintiff asserts three causes of action against Lazer Spot for alleged violations of BIPA: (1) failing to institute, maintain and adhere to a written, publicly-available retention schedule of biometric data (Dkt. No. 1, Ex. A at ¶¶ 68-76); (2) failing to obtain informed written consent and release before obtaining biometric identifiers or information (Dkt. No. 1, Ex. A at ¶¶ 77-86); and (3) the disclosure of biometric identifiers and information before obtaining consent. (Dkt. No. 1, Ex. A at ¶¶ 87-95.)

Since then, the Court has refrained from entering a discovery schedule as the Parties continue to attempt to reach an early resolution. As of June 19, 2020, Lazer Spot has tendered all information requested by Plaintiff to formulate a settlement demand. (Dkt. No. 26 at 2.) After receiving Plaintiff's settlement demand, the Parties continue to engage in good-faith settlement negotiations, and the Court has not set a discovery schedule—nor have the Parties had a substantive discussion as to one. Also, prior to the opening of discovery, Plaintiff has propounded a full set of written discovery, including 20 interrogatories and 23 requests for production, and a Rule 30(b)(6) deposition notice. (*See* Plaintiff's Discovery Requests, attached hereto as **Exhibit A**.)

**II.    The *Tims* Appeal.**

In a case involving the same Plaintiff's counsel as here, *Tims v. Black Horse Carriers, Inc*. Case No. 2019-CH-03522 (Ill. Cir. Ct. Feb. 26, 2020), an appeal was accepted under Ill. S.

Ct. R. 308 to address an important question: whether the limitations periods set forth in 735 ILCS 5/13-201 ("Defamation-Privacy") [(one year)] or 735 ILCS 5/13-205 [(five years)] appl[ies] to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. (*Tims* Circuit Court Order, attached hereto as **Exhibit B**.) The circuit court found that the "catch-all" five-year limitations period applied but nonetheless recognized that certification of the question was appropriate given "no direct authority in Illinois on what statute of limitations properly applies to claims under BIPA." (**Exhibit B** at ¶ 3.) This was prudent "[e]specially in light of the impact of a 1-year vs. 5-year period would have on the facts of this case, some guidance on the matter would materially advance th[e] litigation." (*Id*.) The underlying action has been stayed as of July 7, 2020. (*See Tims* Docket, attached hereto as **Exhibit C**.) The First District Illinois Appellate Court accepted the appeal on April 23, 2020. (Order Accepting *Tims* Appeal, attached hereto as **Exhibit D**.)[1]

## LEGAL STANDARD

The Court has "the power to stay proceedings . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Three factors are considered to determine if a stay should be granted: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving

---

[1] Relatedly, in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 17-CH-11311 (Ill. Cir. Ct. Oct. 29, 2019), the First District Illinois Appellate Court will also consider the question, under Ill. S. Ct. R. 308, whether Illinois' Workers Compensation Act preempts claims under BIPA: Does the exclusivity provisions of the Workers' Compensation Act bar a claim for statutory damages under BIPA where an employer is alleged to have violated an employee's statutory privacy rights under BIPA? (*McDonald* Order at 4, attached hereto as **Exhibit E**.)[1] The appeal was accepted on December 19, 2019. (Order Granting McDonald Appeal, attached hereto as **Exhibit F**.) Numerous other proceedings have since been stayed pending a decision in *McDonald*, including a court in this district, and a multitude of circuit courts. (*See Treadwell v. Power Solutions Internal, Inc.*, Case No. 18-cv-8212 (N.D. Ill. Apr. 1, 2020) (Alonso, J.), attached hereto as **Exhibit G**; *see also* Circuit Court Orders Staying Proceedings Pending *McDonald*, attached hereto as **Exhibit H**.) Lazer Spot has also asserted an affirmative defense on this basis. (Dkt. No. 15 at 23.)

4

party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Piekarski v. Amedisys Illinois, LLC*, No. 12-CV-7346, 2013 WL 2357536, at *2 (N.D. Ill. May 28, 2013) (internal quotations and citation omitted); *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013).

### ARGUMENT

In accordance with the applicable factors, (1) no prejudice or tactical disadvantage will result as a litigation hold has preserved the relevant documents and evidence, (2) the scope of this case will be better defined as the Parties have resolution as to the applicable limitations period, and (3) there would be no unnecessary burden of full-fledged discovery while early resolution is explored in the interim. The circumstances therefore favor the granting of a stay.

**I.  The Relevant Documents and Evidence Have Been Subject to a Litigation Hold Precluding Any Undue Prejudice or Tactical Advantage.**

The relevant documents and evidence have been preserved since the outset of the case. Lazer Spot, upon notification of the filing of this matter in the Circuit Court of Cook County and the retention of undersigned counsel, implemented a litigation hold to preserve the relevant documents and evidence. The discovery requests propounded by Plaintiff are also common-place in BIPA litigation, which the undersigned counsel is well versed in. (*See generally* **Exhibit A**.) Under these circumstances, "granting the stay will not unduly prejudice or tactically disadvantage the Plaintiff[] because they may obtain the documents at a later date, if necessary and permissible." *Sadler, Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (granting motion to stay discovery, in part, where the court recognized the duty to "preserve the pertinent documents at issue" which were "usually maintained by corporate entities such as the [d]efendants in the

5

ordinary course of business" favored a stay as it would not unduly prejudice or tactically disadvantage the plaintiffs); *Burnett v. Ocwen Loan Servicing, LLC*, No. 17 C 3474, 2017 WL 5171226, at *3 (N.D. Ill. Nov. 8, 2017) (granting motion to stay pending a D.C. Circuit ruling, where, in part, "any difficulty Plaintiffs may encounter as a result of a stay does not rise to the level of undue prejudice rendering a stay improper" where the defendant indicated "it has been retaining relevant records since the service of the Complaint[.]").

## II. Clarity as to the Applicable Limitations Period Is Outcome Determinative.

BIPA litigation has been fraught with uncertainty over the applicable limitations period. *See*, *e.g.*, *Meegan v. NFI Indus., Inc.*, No. 20 C 465, 2020 WL 3000281, at *4 (N.D. Ill. June 4, 2020) (weighing the applicable limitations periods under BIPA). With an Illinois Appellate Court now weighing in, the ruling will "be instructive on, and will simplify, the statute of limitations issues that are certain to arise in the present case[:]" providing clarity as to the scope of the putative class, alleged damages, and discovery. *Cliffstar Corp. v. Ajinomoto Co., Inc.*, No. 09-CV-03867-LDD, 2010 WL 11710671, at *2 (E.D. Pa. Nov. 10, 2010) (granting stay pending resolution of separate matter before the Third Circuit on the applicable limitations period); *see Kotlyar v. Univ. of Chicago Med. Ctr.*, No. 17 C 4729, 2017 WL 5911287, at *4 (N.D. Ill. Nov. 30, 2017) (granting stay pending D.C. Circuit ruling finding the forthcoming decision had "the clear potential to alter the scope of this litigation" as it "could narrow Plaintiff's claims, reduce the amount of discovery that is necessary, or even completely dispose of certain issues."); *Dawoudi v. Nationstar Mortg.*, LLC, No. 16-CV-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("the opinion of the Court of Appeals will be instructive to the parties in focusing discovery and in briefing and to the court in making its decisions …. In

addition, a stay would preserve the resources of the parties and reduce the burden of litigation on the court.").

Critically, as the decision in *Tims* is to be afforded "great weight," its potential for a dispositive impact is unquestionable—if a one year limitations period becomes the law of the case, it would fast-track the Parties to a merits determination that would terminate the litigation. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007) ("when the intermediate appellate courts of the state have spoken to the issue, we shall give great weight to their determination about the content of state law, absent some indication that the highest court of the state is likely to deviate from those rulings."); (*see* Dkt. No. 1 at ¶¶ 11-14, 18-25.)

Plaintiff would have filed suit eight months too late because February 28, 2018 is the last possible day Plaintiff could have had his "fingerprints scanned by a biometric timekeeping device" as his employment ended in February 2018. (Dkt. No. 15 at ¶¶ 5, 45.) This case would be over. *See Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("a class representative whose claim is time-barred cannot assert the claim on behalf of the class."); *Anderson v. Holy See*, 934 F. Supp. 2d 954, 961 (N.D. Ill. 2013) (finding on reconsideration that plaintiff's claims being time-barred made him a unsuitable class representative).

### III. Granting a Stay Will Reduce the Burden of Litigation on Parties Which Are Engaged in Good Faith Settlement Negotiations.

The Parties continue to be engaged in good-faith settlement negotiations, and granting a stay would conserve the resources of the Court and Parties. *See Defs. of Wildlife v. Minerals Mgmt. Serv.*, No. CIV.A. 10-0254-WS-C, 2010 WL 3522399, at *2 (S.D. Ala. Aug. 31, 2010) (entering stay noting the "considerable benefits . . . to enable the parties to focus their efforts on reaching an amicable resolution without being distracted by the press of litigation as this action spins up to 'full speed ahead' status."). Also, should no resolution be reached during the period

of the *Tims* appeal, the Parties and Court will nonetheless be better informed as to the scope of the case as discussed *supra*.

The outsized discovery burdens on Defendant—a typical trait of putative class actions such as these—is only amplified under the circumstances of the COVID-19 pandemic. This is even more true as to Lazer Spot as it continues to provide an essential service as a yard management provider for manufacturers and retailers across the country. The burdens and expense of full-fledged discovery are unwarranted at this time, and a stay presents the most efficient course of action while the Parties remained committed to good-faith settlement negotiations.

## CONCLUSION

The best course of action is a stay of proceedings while the Parties continue to attempt to reach an early resolution in this matter. The Court should accordingly grant this Motion.

Dated: August 11, 2020  Respectfully Submitted,

/s/ Eric L. Samore

Eric L. Samore ARDC # 6181345
Michael M. Chang ARDC #6323721
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
jochoa@salawus.com
mchang@salawus.com

*Counsel for Defendant Lazer Spot, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

/s/ Eric L. Samore