IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAZER SPOT, INC., )<br>)<br>Defendant. ) | Case No. 19 C 8173<br><br>Judge Joan H. Lefkow |

## ORDER

Defendant Lazer Spot, Inc.'s motion to stay (dkt. 50) is denied. See statement.

### Statement

Plaintiff James Boyd, individually and on behalf of a putative class, filed an action against Lazer Spot, alleging violations of the Illinois Biometric Information Privacy Act (BIPA), 740 Ill. Comp. Stat. 14/1 *et seq*. This action was stayed previously pending a decision from the Illinois Supreme Court in *McDonald* v. *Symphony Bronzeville Park, LLC*, No. 126511 (Ill. Sup. Ct.). That stay was lifted when the Illinois Supreme Court rendered a decision. (Dkt. 49.)

Lazer Spot now moves to stay, this time citing the pending appeal of *Tims* v. *Black Horse Carriers, Inc.*, No. 12780 (appeal from No. 1-20-0563 (Ill. App. Ct. 1st Dist.)). In *Tims*, the Illinois Appellate Court, First Judicial District, concluded that sections 15(a) and (b) of BIPA are subject to a five-year statute of limitations, while section 15(d) is subject to a one-year statute of limitations. *See* — N.E.3d —, 2021 WL 4243310 (Ill. App. Ct. 2021).

District courts have broad discretion when determining whether a stay is appropriate. *See In re Groupon Derivative Litigation*, 882 F. Supp. 2d 1043, 1045–46 (N.D. Ill. 2012). In exercising that discretion, courts balance the parties' interests and those of the judiciary by considering whether a stay will (1) simplify the issues in question and streamline the trial; (2) reduce the burden of litigation on the parties and court; and (3) unduly prejudice or tactically disadvantage the non-moving party. *Id.* at 1045.

Here, a stay is not warranted. The Illinois Appellate Court's decision in *Tims*, although not controlling like a decision from the Illinois Supreme Court, *see Zahn* v. *N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016), is owed "proper regard," *Blood* v. *VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012). The decision is well reasoned and Lazer Spot has supplied no persuasive rationale for why it is wrong and likely to be reversed by the Illinois

Supreme Court. There is little risk that allowing this action to proceed will impose an unnecessary burden on or prejudice Lazer Spot.

On balance, a stay is not warranted. *See Treadwell* v. *Power Solutions Int'l, Inc.*, No. 18 C 8212, 2021 WL 5712186, at *2–*3 (N.D. Ill. Dec. 2, 2021) (also finding continued stay based on status of BIPA statute-of-limitations issues in Illinois courts not appropriate). The motion to stay is denied.

Date: February 23, 2022

_____
U.S. District Judge Joan H. Lefkow