UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-08173 |
| v. ) ) | Hon. Joan H. Lefkow |
| LAZER SPOT, INC., ) ) | |
| Defendant. ) ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES, THE PRODUCTION OF DOCUMENTS AND THE APPEARANCE OF ITS REPRESENTATIVE FOR DEPOSITION UNDER RULE 37(a)(3)(B)**

Plaintiff James Boyd ("Plaintiff") respectfully moves this Honorable Court for an Order compelling the Defendant, Lazer Spot, Inc. ("Lazer Spot"), to respond to his written discovery requests and produce its representative for deposition under Rule 37(a)(3)(B). Pursuant to the Court's standing orders, Plaintiff submits a separate certification pursuant to Fed. R. Civ. P. 37(a)(1) setting forth the specific actions taken towards resolution of this discovery dispute, attached hereto as **Exhibit A**.

### I.     RELEVANT PROCEDURAL HISTORY

Boyd filed his original class action complaint on October 28, 2019 in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. On December 13, 2019 Defendant filed its Notice of Removal to the United States District Court for the Northern District of Illinois. (D.E. 1). On February 27, 2020, following unopposed motions to extend the pleading deadline, Defendant filed its Answer

1

and Affirmative Defenses. (D.E. 15).

On August 11, 2020 Defendant moved to stay this case pending the Illinois Appellate Court's decision on BIPA's statute of limitations in *Tims v. Black Horse Carriers, Inc.* ("*Tims*"), which the Court denied. (D.E. 32, 35). After considering the Parties' proposed discovery schedules, the Court set formal deadlines on October 27, 2020, including a July 31, 2021 close of fact discovery. (D.E. 38). Plaintiff issued his Renewed First Set of Requests for Production and Interrogatories to Defendant on November 17, 2020. (*See* November 17, 2020 Proof of Service, attached as **Exhibit B**)[1]. Plaintiff also issued a Rule 30(b)(6) notice of deposition on this date. (*See id.*).

On December 15, 2020, the day its discovery answers were due, Defendant requested a 14-day extension of time to respond, which Plaintiff granted. (*See* Discovery Extension Email Chain, attached as **Exhibit D**). Defendant missed its self-imposed discovery deadline without explanation, and on January 4, 2021 Plaintiff's counsel contacted Defendant's counsel requesting an explanation for this failure. (*Id.*). Defendant responded the next day stating:

> Additional work demands at our clients business caused by the holidays slowed our ability to server responses by December 31st. Lazer Spot intends to comply with its discovery obligations. We will serve written discovery responses to you by January 31 (or sooner if we can).

(*Id.*). Plaintiff's counsel agreed to extend Defendant's deadline to meet its discovery obligations to January 31, 2021. (*Id.*). Plaintiff followed up several times requesting dates for the deposition of Defendant's witness, Deanna Fausett. (*Id.*).

Defendant never answered Plaintiff's written discovery or provided dates for the deposition of its witness. Instead, on February 2, 2021, Defendant moved to stay this case pending the Illinois

---

[1] On March 4, 2020 Plaintiff served Defendant with his First Set of Interrogatories to Defendant, Plaintiff's First Set of Requests for Production of Documents to defendant, and a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). (*See* March 4, 2020 Proof of Service, attached as **Exhibit C**).

Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC* ("*McDonald*"). (D.E. 40). The Court granted the motion to stay on February 17, 2021. (D.E. 42). On February 14, 2022, Plaintiff moved to lift the stay following the Illinois Supreme Court's decision in *McDonald* that BIPA claims are not preempted by the Illinois Workers Compensation Act. (D.E. 48). The Court granted Plaintiff's motion on February 16, 2022. (D.E. 49). On February 17, 2022 Plaintiff's counsel emailed Defendant's counsel, in the hope of avoiding court intervention, requesting deposition dates for Ms. Fausett and requesting that Defendant's counsel tender full and complete responses to outstanding written discovery requests no later than February 25, 2022. (*See* February 17, 2022 email, attached as **Exhibit E**).

Defendant never responded to Plaintiff's request. Instead, the next day, Defendant filed a motion to stay proceedings which was premised, once again, on the pendency of an appellate decision in *Tims*. (D.E. 50). Following a hearing, the Court entered an order on February 23, 2022 denying Defendant's motion. (D.E. 53). Defendant failed to respond to Plaintiff's interrogatories, his production requests or his request for dates for the deposition of its witness by February 25, 2022 as requested, and as of the date of this filing, has not indicated when (or if) it will.

**II.    ARGUMENT**

If a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34," then "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(2)(B). Through requests for extensions and motions to stay, Defendant has avoided answering Plaintiff's interrogatories, responding to his production requests, and producing its witness in compliance with Plaintiff's notice of deposition and written discovery requests issued <u>468 days ago</u>.

3

Defendant's conduct is severely prejudicing Plaintiff's ability to prosecute this action and delaying its ultimate resolution.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully prays for an Order of this Court compelling the Defendant to answer Plaintiff's Rule 33 Interrogatories and Rule 34 Requests for Production of Documents within seven days, and produce Deanna Fausett for deposition within 21 days thereafter.

Dated: February 28, 2022    Respectfully Submitted,

*/s/ Anna M. Ceragioli*

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com
Firm No. 43734

***Attorneys for Plaintiff and the Putative Class***

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on February 28, 2022, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Anna M. Ceragioli*