### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BOYD, individually and on behalf of a class of similarly situated individuals | ) ) ) | |
| | ) | Case No. 1:19-cv-08173 |
| Plaintiff, | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | |
| LAZER SPOT, INC., a Georgia corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT LAZER SPOT, INC.'S RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL

The Court should deny Plaintiff's Motion to Compel on both procedural and substantive

grounds. First, Plaintiff's Motion fails to comply with Local Rule 37.2 which states that:

> [T]his court shall hereafter refuse to hear any and all motions for discovery and production
> of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless
> the motion includes a statement (1) that after consultation in person or by telephone and
> good faith attempt to resolve differences that are unable to reach an accord, or (2) counsel's
> attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

The rule also requires that the statement recite the details of such a conference if any occurred, or

"[w]here counsel was unsuccessful in engaging in such consultation, the statement shall recite the

efforts made by counsel to engage in consultation." *Id.* Although Plaintiff's Motion attaches a

statement purporting to comply with Rule 37.2, Mot. At Ex. A, the statement does not indicate that

Plaintiff's counsel even attempted to reach Defendant's counsel "in person or by telephone," as

the rule requires. In fact, rather than engage in the required in person or telephonic conference,

Plaintiff's counsel failed to return numerous phone calls from Defendant's counsel seeking to

engage in a cooperative discussion about the timing of discovery responses and settlement

discussions. On February 23, 2022, Plaintiff's counsel sent an email refusing to participate in mediation and stating "[w]e look forward to receiving defendant's response to our outstanding discovery no later than this Friday." *See* Ex. 1. Defendant's counsel responded three minutes later, stating "I have called you twice to discuss settlement. I also sent an email for you to call me. Please call me." *Id.* Rather than pick up the phone in response to multiple requests for a discussion and the requirements of the Local Rules, Plaintiff's counsel filed the instant Motion. Failure to comply with Local Rule 37.2 before doing so is reason enough for it to be denied.

Moreover, Plaintiff's Motion misstates the course of the parties' interactions and the relevant history of the case over the past two years. Most notably, Plaintiff claims that Lazer Spot has "avoided" responding to Plaintiff's discovery requests that were issued 468 days ago. Mot. at 3. But the case was stayed for 364 of those days pursuant to a motion filed by Lazer Spot that Plaintiff *did not oppose*. *See* Dkt. 42 (noting no opposition to Lazer Spot's Motion and granting the stay on February 17, 2021) and 49 (lifting the stay on February 16, 2022). Additionally, Lazer Spot provided its responses to Plaintiff's written discovery requests on March 16, 2022. As a result, in addition to being improper under Local Rule 37.2 as discussed *supra*, Plaintiff's Motion is moot to the extent it seeks to compel these responses. Lazer Spot will continue to produce any additional responsive, non-privileged documents identified as its investigation continues.

To the extent that Plaintiff's Motion seeks to compel an immediate deposition of Lazer Spot's corporate representative, it should be denied as additionally improper because Plaintiff's counsel failed to issue a new notice for such a deposition after the case was stayed for a year, and never even mentioned a 30(b)(6) deposition in its recent email communications with Defendant's counsel.

Plaintiff issued discovery requests and a 30(b)(6) deposition notice on November 17, 2020 that set a date for deposition of Lazer Spot's corporate representative witness for December 10, 2020.  Lazer Spot's counsel indicated to Plaintiff's counsel on November 30, 2020 that the deposition of Lazer Spot's corporate representative would need to be rescheduled and the parties would need to meet and confer as to scope of the deposition.  Ex. 2.  On December 10, 2020, Plaintiff's counsel served a notice of deposition for Defendant's employee, Deanna Fausett, *in her individual capacity*, setting the date for January 13, 2021.  Ex. 3.  On January 4, 2021, Plaintiff's counsel inquired if "Deanna Fausett is  available for her deposition on January 13th as previously noticed."  Pl's Mot. Ex. D.  The next day, Defendant's counsel informed Plaintiff's counsel that "[t]o assure orderly discovery, we will not produce any witnesses for oral deposition, including Deanna Fausett, until after written discovery is complete." *See* Pl's Mot. Ex. D.  Plaintiff's counsel continued to request dates in February 2021 when Ms. Fausett, the individual, would be available for deposition.  *See id.*  These emails make no reference to or inquire about the deposition of Lazer Spot's corporate representative.

On January 27, 2021, the Illinois Supreme Court accepted the appeal of the *McDonald* case. Given that *McDonald* raised a potentially case-dispositive issue, Lazer Spot promptly moved on February 2, 2021 for a stay pending the Supreme Court's decision.  Dkt. 40.  In light of the fact that Plaintiff did not oppose the stay, the Court granted the motion.  That stay was lifted only a month ago, at which point Lazer Spot attempted to engage Plaintiff's counsel in settlement negotiations.  Defendant's efforts were universally rebuffed.  *See e.g.*, Ex. 1.  At the same time, Plaintiff's counsel was requesting that Defendant's counsel provide dates when *Ms. Fausett* would be available for *her* deposition, making no reference whatsoever to the deposition of Lazer Spot's corporate representative.  *See* Pl's Mot. At Ex. E.

On March 2, 2022 the Court recognized the need for new case management deadlines and ordered the parties to submit a joint proposed discovery schedule by March 9, which the parties subsequently did. *See* Dkt. 56, 59. Rather than serve Lazer Spot with a renewed deposition notice for its corporate representative and proceed with discovery in an orderly manner pursuant to a new schedule, however, Plaintiff filed his Motion to Compel, which includes a request to compel a corporate witness to comply with a stale 30(b)(6) deposition notice that is over a year old and about which Plaintiff has not inquired since late 2020[1].

At the same time, Plaintiff has not yet produced any discovery responses of its own. A premature deposition of Lazer Spot's corporate representative with so much discovery outstanding would not be a productive use of the witness's or the parties' time, and would almost assuredly require a supplemental deposition at a future date. Lazer Spot is willing to work cooperatively with Plaintiff's counsel to schedule deposition dates for individual witnesses and its corporate representative at a more appropriate time during the course of discovery in accordance with the schedule established by this Court.

Because Plaintiff's Motion is procedurally and substantively improper and prematurely seeks the deposition of a corporate representative without undertaking meaningful discovery and engagement with Defendant's counsel beforehand, it should be denied.


Dated: March 17, 2022                    Respectfully Submitted,

                                         /s/ Eric L. Samore

---

[1] Plaintiff's Motion is inconsistent in the relief requested, asking in its title and introduction for an order compelling production of Lazer Spot's corporate representative for deposition, but asking in its conclusion for an order compelling production of Ms. Fausett for deposition. Plaintiff's outdated 30(b)(6) deposition notice sought information from Lazer Spot as a corporate entity about 10 separate topics (including subparts). Plaintiffs inquiries about Ms. Fausett's *individual* deposition is not proof of engagement with Defendant's counsel about the distinctly separate deposition of Lazer Spot's corporate representative.

Eric L.  Samore ARDC # 6181345
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com

*Counsel for Defendant Lazer Spot, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 17, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

<u>/s/ Eric L. Samore</u>