UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-cv-08173 ) ) Hon. Joan H. Lefkow |
| LAZER SPOT, INC., | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES, THE PRODUCTION OF DOCUMENTS AND THE APPEARANCE OF ITS REPRESENTATIVE FOR DEPOSITION UNDER RULE 37(a)(3)(B)**

According to Defendant, it was all-too-willing to answer Plaintiff's discovery, if only Plaintiff had called its counsel to resolve what it characterizes as "the timing of discovery responses." (Dkt. No. 62 at 1). But Plaintiff did not have to file his motion to compel because of a discovery dispute – he filed it as a result of Defendant's absolute failure and refusal to respond to Plaintiff's written discovery, the "timing" of which is which is explicitly governed by two core procedural rules:

(1) "[A] responding party must serve its answers and any objections within 30 days after being served with [] interrogatories." Fed. R. Civ. P. 33(b)(2); and

(2) "The party to whom the request [for production] is directed must respond in writing within 30 days after being served[.]" Fed. R. Civ. P. 34(b)(2)(A).

That a party must respond to discovery should not be a topic of serious debate. Of course, parties routinely have conflicts, are saddled with other work, get ill, and have other perfectly valid reasons for not strictly meeting the 30-day deadline. And when such concerns are brought to the

1

attention of Plaintiff's counsel, they universally accommodate all reasonable requests for extensions. But that's not what happened here.

Defendant did not answer Plaintiff's interrogatories or respond to his production requests until 457 days[1] after the 30-day deadline, and only *after* Plaintiff's numerous unsuccessful written requests asking when it intended to respond, a motion to compel, and explicit instructions from the Court.[2] Even excluding the period of time this action was stayed, Defendant's responses were more than 60 days late and provided only under the imminent threat of a court order. While Defendant had cited the inconsequential fact of its settlement overtures to excuse its failure to respond (or provide a date or even a rough timeframe of *when* it planned to respond), it never cited the lack of a phone call before submitting its opposition. Defendant also claims, despite the passage of 38 months, that it is "still investigating" whether additional responsive documents exist. (*See* Exhibit A, Defendant's Response to Plaintiff's Request for Production of Documents).

The stonewalling doesn't end there. For the first time in its responses to requests for production, which Defendant finally tendered on March 16, 2022, Defendant advised it is withholding several documents pending entry of a protective order. (*See* Exhibit A).[3] Because Defendant did not provide a draft protective order, and to avoid further delays, Plaintiff emailed one modeled after the local rules the next day on March 17, 2022. To no one's surprise, as of the

---

[1] Defendant's responses to discovery were 47 days overdue at the time it requested a stay of this case, as detailed in Plaintiff's Motion.

[2] Judge Lefkow ordered Defendant to: "Get started on the discovery, producing what you can. Don't wait seven days or until you have a conference." (*See* Dkt. No. 601 at 7:6-8). When Defendant asked if discovery could be considered held in abeyance, Judge Lefkow repeated: "As I said a moment ago, get started on the work. You know you are going to have to do it." (*Id.* at 7:20-22).

[3] Defendant is also withholding other documents which are not the subject of this motion on the basis of relevancy, attorney-client privilege, work product doctrine, and joint defense privilege. Plaintiff has requested a Rule 37 conference to promptly attempt to resolve these remaining outstanding issues.

date of this filing Defendant still has not agreed to its entry, identified any usual circumstances warranting a deviation from the Court's standardized form, or provided any feedback whatsoever. It simply ignored Plaintiff's email, all while continuing to withhold relevant, responsive documents in its exclusive possession, now going on for 465 days.[4]

A similar pattern emerges with respect to the routine task of scheduling witnesses for deposition. Before Defendant requested its initial discovery extension, Plaintiff noticed the deposition of Deanna Fausett for January 13, 2021. (*See* Exhibit B, Dec. 10, 2020 Proof of Service). The four requests Plaintiff made for Defendant to identify alternate dates for the deposition of its witness, Deanna Fausett, all went without a straight answer. Defendant now claims that noticing the deposition of Ms. Fausett on April 7 *or any other date* is somehow "premature" because Plaintiff has not yet responded to Defendant's written discovery requests. But this is just an attempt by the Defendant to substitute its personal preferences for the Court's rules.

First, under Fed. R. Civ. P. 26(d)(3)(B), "discovery by one party does not require any other party to delay its discovery." Defendant's decision not to issue discovery to Plaintiff until March 7, 2022 (compared to Plaintiff's discovery issued on November 17, 2020) has nothing to do with Plaintiff's right to take depositions at this time or warrant further delay of Ms. Fausett's deposition or this litigation generally, which is now over two years old

Second, under Fed. R. Civ. P. 26(d)(3)(A), "methods of discovery may be used in any sequence." Thus, parties may take depositions at any time – including by Plaintiff of Ms. Fausett on April 7, 2022, the lawfully-noticed date. Tellingly, notwithstanding Plaintiff's submission of a Motion to Compel, Defendant *still* has not provided alternate dates for the deposition of Ms.

---

[4] Again, in an effort to expedite matters, Plaintiff offered to treat these documents as "confidential" pending entry of a protective order.

Fausett. Given Defendant's stubborn refusal to cooperate, Plaintiff was forced to unilaterally notice Ms. Fausett's deposition. (*See* Exhibit C, Mar. 10, 2022 Proof of Service).[5]

Defendant's continued delay in producing documents and lawfully noticed witnesses for deposition in a more than two-year-old case is prejudicing Plaintiff ability to prosecute this action. Accordingly, Plaintiff requests that the Court order Defendant to tender all indisputably responsive documents and its noticed witnesses for deposition by a date certain.

Dated: March 23, 2022            Respectfully Submitted,

*/s/ Anna M. Ceragioli*

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com
Firm No. 43734

***Attorneys for Plaintiff and the Putative Class***

---

[5] Defendant now states that Ms. Fausett is Defendant's corporate witness and suggests that her deposition cannot be taken because Plaintiff did not issue a notice of deposition to Ms. Fausett pursuant to Rule 30(b)(6). (Dkt. No. 62 at 2-3). Plaintiff notes Defendant's identification of Ms. Fausett as a corporate representative and has accordingly issued a Rule 30(b)(6) deposition to Ms. Fausett. (*See* Exhibit D, Mar. 23, 2022 Proof of Service).

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on March 23, 2022, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Anna M. Ceragioli*