# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES BOYD, individually and on behalf of a class of similarly situated individuals )<br><br>Plaintiff, )<br>v. )<br>)<br>LAZER SPOT, INC., a Georgia corporation, )<br>)<br>Defendant. ) | Case No. 1:19-cv-08173<br><br>Hon. Joan H. Lefkow |

**DEFENDANT LAZER SPOT, INC.'S RESPONSES TO
PLAINTIFF'S *RENEWED* FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Lazer Spot, Inc. ("Defendant" or "Lazer Spot") hereby provides these Responses to Plaintiff's Requests for Production, as follows:

**PRELIMINARY STATEMENT**

Defendant's responses to Plaintiff's requests for the production of documents are made solely for the purposes of the above-entitled action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any statement herein if any Request were asked of, or statements contained herein were made by a witness present and testifying in summary judgment and/or court, all of which objections and grounds are expressly reserved and may be interposed at the time of summary judgment and/or trial.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has answered part or all of any Request is not intended and shall not be construed to be a waiver by Defendant of any part of any specific or general objection to a Request.

These responses are made without prejudice to Defendant's rights with respect to additional information discovered hereafter. To the extent Defendant agrees to produce documents responsive to a request, the response is not a concession that such documents are within its possession, custody or control, or that such documents exist.

## **REQUESTS FOR PRODUCTION**

1. All Documents and ESI referenced or relied upon in responding to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:** Lazer Spot will produce responsive, non-privileged documents in its possession, custody or control following a diligent and reasonable search, and upon entry of a Confidentiality Order.

2. As to each Biometric Device You have used during the Relevant Time Period, all documents reflecting:

    a. The model of the device(s) and its manufacturer(s);

    b. Any and all user guides;

    c. Any and all implementation guides;

    d. Any and all patents;

    e. Any and all device manuals;

    f. Any and all employee enrollment and/or onboarding guides;

    g. A description of the device(s);

    h. A description of any and all device software;

    i. A description of the network capabilities of the device(s) and/or its software;

    j. Any and all incident reports reflecting service, repair, replacement, or decommissioning of the device(s);

    k. Where the device(s) are located; and

    l. The owner of the device(s).

**RESPONSE:** Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, may be one year. Lazer Spot objects to this request to the extent that it assumes conclusions that is contrary to the evidence. Specifically, Lazer Spot has insufficient factual knowledge and expertise to determine if the Timeclock provided by its vendor meets Plaintiff's definition of a "Biometric Device. Subject to and without waiving these objections, and without admitting that the timeclock it used meets Plaintiff's definition of a "Biometric Device," (which is not a term used in the relevant statute), Lazer Spot refers to LAZER SPOT 000001 – LAZER SPOT 000084.

3. All Documents Identifying Defendant's protocols, policies, or procedures Related To the collection, capture, obtainment, storage, possession, use, dissemination, disclosure and/or access (or permitted access) to Plaintiff's and Proposed Class Members' Biometric Identifiers and Biometric Information.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot also objects that this Request is duplicative of Request No. 2. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, may be one year. Lazer Spot objects to this request to the extent that it assumes conclusions contrary to the evidence. Specifically, Lazer Spot has insufficient factual knowledge and expertise to determine if the Timeclock provided by its vendor meets Plaintiff's definition of a "Biometric Device. Lazer Spot further objects to this Request to the extent that seeks information about the use or access of or to Biometric Identifiers and Biometric Information on the grounds that BIPA does not regulate such conduct. Subject to and without waiving these objections, and without admitting that it collected, captured, obtained, stored, possessed, used, disseminated, disclosed, accessed, or permitted access to Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information, Lazer Spot refers to LAZER SPOT 000057 – LAZER SPOT 000084.

4. All Documents Identifying Defendant's protocols, policies, or procedures Related To Defendant's disclosure or dissemination of Plaintiff's and Proposed Class Members' Biometric Identifiers and Biometric Information to any and all third-parties.

**RESPONSE**: Defendant objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs

3

of the case. Defendant also objects that this Request is duplicative of Request No. 2. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may one year. Defendant also objects to this Request on the grounds that it did not disclose or disseminate Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Lazer Spot refers to LAZER SPOT 000057 – LAZER SPOT 000084.

5. All Documents Identifying Defendant's protocols, policies, or procedures Related To the destruction of Biometric Identifiers, and Biometric Information, including, but not limited to, any and all retention schedule(s) or guidelines for destroying, disposing of, or preserving Biometric Identifiers, or Biometric Information.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot also objects that this Request is duplicative of Request No. 2. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Subject to and without waiving these objections, Defendant refers to LAZER SPOT 000057 – LAZER SPOT 000084.

6. All Documents reflecting notice to employees that their Biometric Identifiers, or Biometric Information was or is being collected, captured, stored, used, disclosed, accessed (or permitted access) or otherwise obtained.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot also objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Lazer Spot also objects to this Request on the grounds that BIPA does not regulate the use or access of or to Biometric Identifiers or Biometric Information and on the grounds that Lazer Spot did not collect, capture, store, use, disclose, access (or permit access) or otherwise obtain employees' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Defendant refers to LAZER SPOT 000057 – LAZER SPOT 000084.

7. All Documents Identifying the purpose and length of time for which Defendant is collecting, capturing, storing, possessing, using or disclosing, Plaintiff's and the Proposed Class Members' Biometric Identifiers, or Biometric Information.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot also objects to this Request on the grounds that it is duplicative of Request No. 2. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, may be one year. Lazer Spot also objects to this Request on the grounds that BIPA does not regulate the use of Biometric Identifiers or Biometric Information and on the grounds that Lazer Spot did not collect, capture, store, possess, use, or disclose, Plaintiff's and the Proposed Class Members' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Defendant refers to LAZER SPOT 000057 – LAZER SPOT 000084.

8. All Documents that identify how Biometric Identifiers, and/or Biometric Information are stored, including but not limited to devices, servers and/or software.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot also objects that this Request is duplicative of Request Nos. 2 and 7. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, may be one year. Lazer Spot also objects to this Request on the grounds that it does not store Biometric Identifiers and/or Biometric Information. Subject to and without waiving these objections, Defendant refers to LAZER SPOT 000001 – LAZER SPOT 000084.

9. A list identifying the name, the dates of employment and/or the employee identification number for all Proposed Class Members.

**RESPONSE**: Defendant will produce a list of the names and dates of employment of the Proposed Class Members, subject to meeting-and-conferring as to the scope of the putative class and upon entry of a Confidentiality Order.

10. Documents Identifying the total number of Proposed Class Members within the Relevant Time Period.

**RESPONSE**: Defendant objects to this Request as it is duplicative of Request No. 9. Furthermore, Defendant has already provided information regarding the total number of Proposed Class Members within the parameters Requested by Plaintiff and will not produce documents responsive to this Request. See e.g., Answer to Interrogatory No. 14.

5

11. All Documents reflecting any request for written consent before collecting, capturing, otherwise obtaining, using, and/or disclosing, accessing (or permitting access to) employees' Biometric Identifiers, or Biometric Information.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Lazer Spot also objects to this Request on the grounds that BIPA does not regulate the use, access, or permitted access of Biometric Identifiers or Biometric Information and on the grounds that Lazer Spot did not collect, capture, obtain, use, disclose, access or permit access to employees' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents in its possession, custody or control within the Relevant Time Period following a diligent and reasonable search, and upon entry of a Confidentiality Order.

12. All Documents reflecting signed authorization by Plaintiff or any Proposed Class Members purporting to authorize You to collect, capture, store, possess, disclose, use, access (or permit access to) their Biometric Identifiers, or Biometric Information.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs of the case. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Lazer Spot also objects to this Request on the grounds that BIPA does not regulate the use, access, or permitted access of Biometric Identifiers or Biometric Information and on the grounds that Lazer Spot did not collect, capture, store, possess, disclose, use, access or permit access to Plainitff's or any Proposed Class Members' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents in its possession, custody or control within the Relevant Time Period following a diligent and reasonable search, and upon entry of a Confidentiality Order.

13. All Documents, including Correspondence, identifying any and all efforts to destroy, purge, delete, overwrite or otherwise dispose of Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information during the Relevant Time Period.

**RESPONSE**: Lazer Spot objects to this Request to the extent that it seeks "all documents" without limitation and as such is not proportional to the needs

6

of the case. Lazer Spot further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Lazer Spot also objects to this Request on the grounds that it seeks documents outside the possession, custody, or control of Lazer Spot because Lazer Spot was not in possession of Plaintiff's or Proposed Class Members' Biometric Identifiers or Biometric Information. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents in its possession, custody or control within the Relevant Time Period following a diligent and reasonable search, and upon entry of a Confidentiality Order.

14. Any and all Correspondence Related To BIPA, including, but not limited to, Defendant's compliance therewith, during the Relevant Time Period.

**RESPONSE**: Defendant objects to this Request as it calls for a legal conclusion. Defendant further objects that this Request calls for documents subject to the attorney-client privilege, work product doctrine, and joint defense privilege. Defendant further objects to this Request to the extent it calls for documents held by third parties. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Defendant further objects to this Request to the extent that it seeks "Any and all correspondence" without limitation and as such is not proportional to the needs of the case. Subject to these objections, Defendant will not produce documents responsive to this Request.

15. Any and all Correspondence by and between Defendant and/or any other third-party Related To any and all Biometric Device and/or users' Biometric Identifiers or Biometric Information.

**RESPONSE**: Defendant objects that this Request calls for documents subject to the attorney-client privilege, the work product doctrine, and joint defense privilege. Defendant further objects to this Request to the extent it calls for documents held by third parties. Defendant objects to this Request to the extent that it seeks "Any and all correspondence" and "any and all Biometric Device and/or users' Biometric Identifiers or Biometric Information," without limitation and as such is not germane to this issues or proportional to the needs of the case. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Subject to these objections, Defendant will not produce documents responsive to this Request.

7

      16.    All Documents Relating To the disclosure and/or dissemination of Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information to any third-party or vendor that host it in their data center(s), including any sale or transmission of their Biometric Identifiers or Biometric Information to any such third-party or otherwise.

**RESPONSE**: Defendant objects that this Request calls for documents subject to the attorney-client privilege, the work product doctrine, and joint defense privilege. Defendant further objects to this Request to the extent it calls for documents held by third parties. Defendant further objects to this Request to the extent that it seeks "Any and all correspondence" and "any and all Biometric Device and/or users' Biometric Identifiers or Biometric Information," without limitation and as such is not proportional to the needs of the case. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Subject to these objections, Defendant will not produce documents responsive to this Request.

      17.    All Documents reflecting any and all contracts, agreements (written or otherwise) entered into by and between Defendant and any third-party vendor relative to the sale, lease or replacement of any and all Biometric Device(s) during the Relevant Time Period.

**RESPONSE**: Without admitting that the relevant Timeclock meets Plaintiff's definition of a "Biometric Device," (which is not a term used in the relevant statute), Defendant will produce responsive, non-privileged documents in its possession, custody or control within the Relevant Time Period following a diligent and reasonable search, and upon entry of a Confidentiality Order.

      18.    All Documents reflecting any and all service agreements (written or otherwise) entered into by and between Defendant and any third-party relative to the service, maintenance and/or software maintenance performed on any Biometric Device during the Relevant Time Period, including each occasion where a Biometric Device was decommissioned or replaced.

**RESPONSE**: Without admitting that the relevant Timeclock meets Plaintiff's definition of a "Biometric Device," (which is not a term used in the relevant statute), Defendant will produce responsive, non-privileged documents in its possession, custody or control within the Relevant Time Period following a diligent and reasonable search, and upon entry of a Confidentiality Order.

      19.    All Documents Identifying the software, including the network capabilities of any Biometric Device used by Defendant during the Relevant Period.

**RESPONSE**: Defendant objects that this Request seeks documents that are irrelevant to the claims and defenses raised in Plaintiff's Complaint and not proportional to the needs of this case. The "network capabilities" of any alleged "Biometric Devices" are not germane to the issues in this litigation. Defendant further objects to this Request as the Relevant Time Period is not defined. Pursuant to Instruction No. 19, Defendant states that the Relevant Time Period under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., may be one year. Pursuant to these objections, Defendant will not produce documents responsive to this Request.

20. Any expert reports prepared by Defendant or on Your behalf Relating To any of the matters alleged in the Complaint.

**RESPONSE**: Defendant will produce expert reports in accordance with any schedule order entered by the Court.

21. All Documents reflecting any and all indemnification contracts or agreements (written or otherwise) entered into by and between Defendant and any third-party relative to any and all Biometric Device.

**RESPONSE**: There are no documents responsive to this Request.

22. All Documents reflecting any and all insurance policies, including umbrella insurance policies, or contracts (including declarations pages), or other written understandings under which any entity other than Defendant (including, but not limited to insurers and business partners) may be liable to satisfy all or part of any judgment that may be entered in this case.

**RESPONSE**: Defendant has produced documents pursuant to this Request on June 9, 2020. There are no further documents responsive to this Request.

23. All Documents reflecting any and all reservation of rights regarding actual or potential denial of coverage for any claim related to this case issued to Defendant by any entity that may be liable to satisfy all or part of any judgment that may be entered in this case.

**RESPONSE**: Defendant objects that this Request calls for documents subject to the attorney-client privilege, the work product doctrine, and the joint defense privilege. Defendant further objects that this Request seeks documents that are irrelevant to the claims and defenses raised in Plaintiff's Complaint and not proportional to the needs of this case. Pursuant to these objections, Defendant will not produce documents responsive to this Request.

Dated: March 16, 2022                    Respectfully Submitted,

                                         /s/ Eric L. Samore

9

Eric L. Samore ARDC # 6181345
Kathryn V. Long ARDC # 6299363
Michael M. Chang ARDC #6323721
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
klong@salawus.com
mchang@salawus.com

*Counsel for Defendant Lazer Spot, Inc.*

10

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, March 16, 2022, I electronically served the foregoing on the following Counsel of Record via email:

Ryan F. Stephan
*rstephan@stephanzouras.com*
James B. Zouras
*jzouras@stephanzouras.com*
Anna M. Ceragioli
*aceragioli@stephanzouras.com*
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606

/s/ Eric L. Samore