(IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOYD, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LAZER SPOT, INC.,<br><br>  Defendant. | No. 1:19-cv-08173<br><br><u>Honorable Joan H. Lefkow</u><br><br>**Magistrate Judge Maria Valdez** |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

James B. Zouras
Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
mceragioli@stephanzouras.com

**COUNSEL FOR PLAINTIFF AND THE
PUTATIVE CLASS**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................. i

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**INTRODUCTION** ........................................................................................................................ 1

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND** ..................................................... 2

    **II.**    **THE PROPOSED SETTLEMENT** ................................................................................ 4

        A.    The Settlement Class ................................................................................................ 4

        B.    The Settlement Amount and Allocation .................................................................. 4

        C.    Notice and Settlement Administration ..................................................................... 5

        D.    Exclusion and Objection Procedures ....................................................................... 6

        E.    Release ...................................................................................................................... 6

    **III.**    **THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23** 6

    **IV.**    **THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE AND ADEQUATE RESOLUTION OF A *BONA FIDE* DISPUTE OVER PLAINTIFF'S BIPA CLAIMS.** ........................................ 7

        A.    The Settlement Is Fair, Reasonable, and Adequate. ................................................ 7

        B.    The Settlement Amount Is Substantial Given the Strengths of Plaintiff's Claims and Attendant Risks (First Factor). ..................................................................................... 8

        C.    Litigation Through Trial and Appeals Would Be Complex, Costly, and Long (Second Factor) .................................................................................................................... 10

        D.    The Reaction of the Class Has Been Positive (Third Factor). ............................... 12

        E.    Competent Counsel for All Parties Endorse this Agreement (Fourth Factor). ...... 12

        F.    Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor). .......................................................................................... 13

**CONCLUSION** .......................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  No. 07 Civ. 2898, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) .................................................. 7
*Armstrong v. Bd. of Sch. Dirs. of Milwaukee*,
  616 F.2d 305 (7th Cir. 1980) .................................................................................................. 12
*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
  100 F.3d 1041 (1st Cir. 1996) ................................................................................................. 13
*Donovan v. Estate of Fitzsimmons*,
  778 F.2d 298 (7th Cir. 1985) ................................................................................................... 11
*EEOC v. Hiram Walker & Sons, Inc.*,
  768 F.2d 884 (7th Cir. 1985) .......................................................................................... 7, 9, 10
*Eubank v. Pella Corp.*,
  753 F.3d 718 (7th Cir. 2014) .................................................................................................... 8
*Felzen v. Andreas*,
  134 F.3d 873 (7th Cir. 1998) .................................................................................................... 7
*Gautreaux v. Pierce*,
  690 F.2d 616 (7th Cir. 1982) .................................................................................................. 12
*Goldsmith v. Tech Sols. Co.*,
  No. 92 C 4374, 1995 WL 17009594 (N.D. Ill. Oct. 10, 1995) ................................................ 11
*Hispanics United of DuPage County v. Village of Addison, Illinois*,
  988 F. Supp. 1130 (N.D. Ill. 1997) ......................................................................................... 12
*In re Mexico Money Transfer Litig.*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000) .................................................................................... 10
*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) .................................................................................................... 7
*Mangone v. First USA Bank*,
  206 F.R.D. 222 (S.D. Ill. 2001) .............................................................................................. 12
*Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*,
  834 F.2d 677 (7th Cir. 1987) .................................................................................................. 10
*Mirfasihi v. Fleet Mortgage Corp.*,
  356 F.3d 781 (7th Cir. 2004) .................................................................................................... 8
*Patterson v. Stovall*,
  528 F.2d 108 (7th Cir. 1976) .................................................................................................... 7
*Pearson v. NBTY, Inc.*,
  772 F.3d 778 (7th Cir. 2014) .................................................................................................. 12
*Reynolds v. Beneficial Nat'l Bank*,
  288 F.3d 277 (7th Cir. 2002) ................................................................................................... 11
*Schulte v. Fifth Third Bank*,
  805 F. Supp. 2d 560 (N.D. Ill. 2011) ........................................................................................ 9

*Seiden v. Nicholson*,
   72 F.R.D. 201 (N.D. Ill. 1976) ......................................................................................... 11
*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
   463 F.3d 646 (7th Cir. 2006) ........................................................................................... 8
*Williams v. Quinn*,
   748 F. Supp. 2d 892 (N.D. Ill. 2010) ............................................................................... 8
*Young v. Rolling in the Dough, Inc.*,
   No. 1:17-CV-07825, 2020 WL 969616 (N.D. Ill. Feb. 27, 2020) ................................... 7

**Statutes**

740 ILCS 14/1 ...................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23 (c)(2)(B) ............................................................................................ 6, 7

**Treatises**

Herbert B. Newberg & Alba Conte, *Newberg of Class Actions ("Newberg")*, §11.41 at 11-88
   (4th ed. 2002) .................................................................................................................. 13

## INTRODUCTION

Plaintiff James Boyd ("Boyd" or "Plaintiff") individually and on behalf of a class of individuals certified for settlement purposes ("Plaintiffs"), move for final approval of the Parties' Class Action Settlement of claims alleging that Defendant Lazer Spot, Inc. ("Lazer Spot" or "Defendant") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to develop and adhere to a publicly available retention schedule and guidelines for permanently destroying biometric data.

The Parties' settlement of this action is fair, reasonable, and adequate under the governing legal standards and satisfies all criteria for final approval. The Parties respectfully request that this Court: (1) grant Final Approval of the proposed Settlement Agreement and Release ("Settlement Agreement") (Dkt. No. 206-1),[1] including the release of claims as set forth therein, and (2) enter the Proposed Final Approval Order, attached hereto as Exhibit 1.

On July 11, 2023, this Court took the first steps of overseeing the resolution of this matter by approving the Parties' non-reversionary Settlement. Notice to the originally identified 719-person Settlement Class was effectuated following this ruling. On September 21, 2023, following Class Counsel being contacted by an individual who claimed to be a Settlement Class Member but did not receive Class Notice, based upon a subsequent investigation by Defendant, it was determined that this individual was inadvertently not identified as a Settlement Class Member,

---

[1] Unless otherwise defined herein, all capitalized terms used herein will have the same meaning as defined in the Settlement Agreement.

along with eleven other individuals, and that these persons otherwise meet the eligibility requirements for inclusion in the Settlement. To avoid prejudicing Class Members by delaying the final approval hearing and payments from the Settlement Fund, Class Counsel moved the Court for preliminary approval of the Settlement Agreement as to a Subclass consisting of these 12 additional individuals (the "Subclass" or "Additional Class Members"[2]), to be presented concurrently with the final approval hearing on October 25, 2023.

On October 25, 2023, the Court finally approved the Settlement Agreement as to the 719 originally identified class members and preliminarily approved the Settlement Agreement, and proposed form of notice, as to the 12 remaining Additional Class Members.

Since that time, the 12 remaining Additional Class Members have been notified of the terms of the Settlement, including the monetary relief, the allocation, and their right to object to or opt out of the Settlement. *See* Exhibit 2, Decl. of Johanna Olson Regarding Notice Administration ("Admin Decl.") ¶¶ 7-9; *see also* Ex. 2-A to Admin Decl. ("Class Notice"). Zero individuals in the Subclass excluded themselves from the Settlement, and zero individuals objected to the Settlement. Admin Decl. ¶¶ 10-11. With such overwhelming support for the Settlement and for the reasons stated below, the Court should grant final approval of the Parties' Settlement Agreement.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his putative Class Action Complaint in the Circuit Court of Cook County on October 28, 2019, alleging that Defendant utilizes biometric timekeeping devices at its facilities in Illinois and required its employees to use the devices when clocking into and out of work, but

---

[2] The "Subclass" is subject to and part of the "Class" and "Settlement Class" as defined in the Settlement Agreement. (Dkt. No. 206-1, ¶ 15.) Likewise, the "Additional Class Members" are subject to and are "Class Member[s]" and "Settlement Class Member[s]" as defined in the Settlement Agreement.

failed to comply with BIPA by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to develop and adhere to a publicly available retention schedule and guidelines for permanently destroying biometric data.

On December 13, 2019, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Illinois (Dkt. No. 1), where it was assigned to and remains pending before the Hon. Joan H. Lefkow. Defendant answered the Complaint on February 27, 2020. (Dkt. No. 55). On October 27, 2020, the Court formally set deadlines and Plaintiff issued written discovery requests. (Dkt. Nos. 38, 54-2). This case was stayed pending resolution of the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511 (Ill., 2022) from February 17, 2021 to February 16, 2022. (Dkt. Nos. 42, 49).

Magistrate Judge Maria Valdez was assigned to oversee discovery on March 2, 2022. (Dkt. No. 57). From February 28, 2022 to June 24, 2022, the Parties engaged in multiple, extensive briefings regarding discovery production and scope. The Parties exchanged written discovery, ESI (following several meet and confer conferences), and thousands of pages of documents. Plaintiff took the depositions of three of Defendants' managerial and information technology employees (including a Rule 30(b)(6) deposition), deposed two individuals whose declarations were produced during third-party discovery, and deposed Defendant's expert witness. Fact discovery closed on December 16, 2022.

Following completion of oral and written fact discovery, Plaintiff filed his Renewed Motion for Rule 23 Class Certification on November 17, 2022, which was fully briefed on January

3

19, 2023. (Dkt. No. 180). During that time, the parties engaged in informal settlement discussions, and ultimately executed a settlement term sheet on March 3, 2023. The Parties jointly submitted a Notice of Settlement in Principle advising the Court of the settlement in principle on March 6, 2023. (Dkt. No. 190). Following subsequent discussion, the Parties executed the Settlement Agreement, which this Court preliminarily approved on July 11, 2023. (Dkt. No. 202). On July 24, 2023, the Court set the final approval hearing date for this matter to occur on October 25, 2023. (Dkt. No. 204). On October 25, 2023, the Court finally approved the Settlement Agreement as to the original 719-person Settlement Class and preliminary approved the Settlement Agreement as to the 12-person Subclass. (Dkt. No. 210).

## II. THE PROPOSED SETTLEMENT

### A. The Settlement Class

The proposed Settlement established a Settlement Class defined as follows:

> All individuals within the state of Illinois who enrolled in Defendant's Biometric System(s) and used such system while employed and/or working for Lazer Spot, Inc. in Illinois.

(Dkt. No. 206-1, ¶ 41; Dkt. No. 210). The Class List compiled and provided by Defendant contained records for 12 Additional Class Members inadvertently excluded from the original 719-person Settlement Class who initially received notice. Admin. Decl. ¶ 5. Zero Additional Class Members excluded themselves. *Id.* ¶¶ 10-11.

### B. The Settlement Amount and Allocation

The Settlement Fund shall be divided among members of the Settlement Class that do not opt out as follows: $2,500.00 per Additional Class Member, less *pro rata* reductions for Class Counsel's Fee Award, Service Award to the Class Representative and Administrative Expenses. (Dkt. No. 206-1, ¶ 46). Importantly, Settlement Class Members do not have to submit a claim

4

form or otherwise "opt in" to the Settlement. *Id*. ¶ 47. Checks to the Settlement Class Members shall remain valid and negotiable for 120 days from the date of their issuance, and thereafter shall become void if not cashed within that time. *Id*. ¶ 53(e). Within 75 days of issuance of settlement checks, the Settlement Administrator shall provide a list of any settlement checks that are not cashed/negotiated within 60 days of issuance to Counsel for the Parties. *Id*. ¶ 53(d). Within 10 days thereafter, the Settlement Administrator shall attempt to confirm or obtain valid mailing addresses, including by telephone, and send a reminder post-card to affected Class Members. *Id*. Additionally, at the conclusion of the 120-day period, the Settlement Administrator shall provide a list of any settlement checks that are not then cashed/negotiated to Counsel for the Parties. *Id*. Within 10 days of the expiration of the 120-day period, the Settlement Administrator shall initiate a second round of pro rata distributions to those Settlement Class Members who participated in the Settlement by cashing their initial checks. *Id.* The second-round distribution will not exceed $278 per person. *Id.* Any amount remaining after the second distribution will be transferred to St. Christopher Trucker Relief Fund as a *cy pres*. *Id.*

The distribution to the 12 Additional Class Members shall be identical to the distribution for the original 719-person Settlement Class who precede them – a net of $1,581.33. Admin. Decl. at Ex. A, Notice. This constitutes the $2,500 per class member, less $909.00 in settlement administration fees and $10,115.04 for Class Counsel's attorneys' fees.

C. **Notice and Settlement Administration**

The Parties retained Analytics Consulting, LLC ("Analytics"), an experienced class action claims administrator, to administer the settlement. (Dkt. No. 206-1, ¶ 37); *see also* Admin. Decl., ¶ 4. The Administration Expenses will be paid from the gross Settlement Fund. (Dkt. No. 206-1, ¶ 45(d)). On November 8, 2023, Class Notices were mailed to 12 Additional Class Members

5

contained in the Class List via First Class mail. *See* Admin. Decl. ¶ 7. The Class Notice advised the Subclass that they could submit an exclusion and/or objection postmarked by December 23, 2023. *Id*. ¶ 10. Zero Notice packets were returned as undeliverable, without a forwarding address. *Id*. ¶ 8.

### D. Exclusion and Objection Procedures

The deadline for the 12 Additional Class Members to opt out or object to the settlement was December 23, 2023. *See* Admin. Decl. ¶ 10. This deadline has now passed. Zero Additional Class Members requested exclusion from the settlement and zero Additional Class Members objected. *Id*. ¶¶ 11-12.

### E. Release

In exchange for the relief described above, Additional Class Members who do not exclude themselves will provide Defendant and the other Released Parties a full release of all claims relating to the Released Parties which relate to or arise out of the allegations in the Complaint and which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law. (Dkt. No. 206-1, ¶¶ 32, 33, 54).

### III. THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23

Under Rule 23(c)(2)(B), notice must provide:

> [T]he best notice that is practicable under circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgement on members under Rule 23(c)(3).

6

Fed. R. Civ. P. 23 (c)(2)(B).

As set forth above and demonstrated by the thoroughness of the Notice, the Parties' effort to effectuate notice by mail to the Class Members meets the requirements of Rule 23(c)(2)(B). *See* Admin. Decl. at Ex. A, Notice.

**IV. THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE AND ADEQUATE RESOLUTION OF A *BONA FIDE* DISPUTE OVER PLAINTIFF'S BIPA CLAIMS.**

Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). "In reviewing a proposed settlement, the court should consider the judgement of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *Young v. Rolling in the Dough, Inc.*, No. 1:17-CV-07825, 2020 WL 969616, at *3 (N.D. Ill. Feb. 27, 2020). As set forth in detail below, the proposed settlement is fair, reasonable, and adequate under Rule 23(e) and is a fair and reasonable resolution of a bona fide dispute over the provisions of BIPA. Accordingly, it should be approved.

**A. The Settlement Is Fair, Reasonable, and Adequate.**

To approve a proposed settlement of a class action under Rule 23, a court's review of a settlement agreement is "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196 (citations omitted); *see also EEOC v. Hiram*

7

*Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) ("*Hiram Walker*"). The Court's task is to evaluate "the general principles governing approval of class action settlements" and not the "substantive law governing the claims asserted in the litigation." *Isby*, 75 F.3d at 1197 (citation omitted).

However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). Courts consider five factors: (1) the strength of plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727 at *2 (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must view the settlement in its entirety, rather than focus on an individual component. *Isby*, 75 F.3d at 1199.

### B. The Settlement Amount Is Substantial Given the Strengths of Plaintiff's Claims and Attendant Risks (First Factor).

The Settlement is substantial considering Defendant's agreement to settle this case for $30,000.00 for a class of 12 workers (or $2,500 per person, consistent with the $2,500 per person amount for the 719 individuals). All Settlement Class Members who have not opted out are guaranteed an equal share of the gross Settlement Fund in the amount of approximately $2,500.00. After deducting approved amounts for attorneys' fees and Settlement Administration Expenses, the Settlement Payment amount nets to approximately $1,581.33 for each Class Member. This amount is identical to the amount received by the 719 individuals.

8

In evaluating the strength of a Plaintiff's case on the merits balanced against the proposed settlement, courts refrain from reaching conclusions on issues which have not been fully litigated. *Williams v. Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (noting "[t]he purpose of a fairness hearing is not to resolve the merits of the case, but to determine whether the settlement is fair, reasonable, and adequate when viewed in its entirety"). Because "[t]he essence of settlement is compromise," *Hiram Walker*, 768 F.2d at 889, courts should not reject a settlement "solely because it does not provide a complete victory to the Plaintiff." *Isby*, 75 F.3d at 1200. Parties to a settlement benefit by immediately resolving the litigation and receiving "some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory. Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial." *Hiram Walker*, 768 F.2d at 889 (internal citations omitted).

The outcome of this litigation is far from certain. While Plaintiff believes he would likely prevail on the merits of all his BIPA claims, Plaintiff would have to overcome Defendant's many anticipated defenses. If the Parties were to proceed with litigation, Plaintiff would be required to prevail on class certification and on motions for summary judgment, all of which would be highly contested and for which success is certainly not guaranteed. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("Settlement allows the class to avoid the inherent risk, complexity, time and cost associated with continued litigation") (internal citations omitted). "If the Court approves the [Settlement], the present lawsuit will come to an end and [Settlement Class Members] will realize both immediate and future benefits as a result." *Id*. Approval would allow Plaintiff and the Additional Class Members to receive meaningful and significant payments now, instead of years from now or never. *Id*. at 582.

9

It is an unavoidable fact that BIPA cases are largely cases of first impression, and the risks and delays that would necessarily accompany briefing the arguments in both the trial and appellate courts were considered here. This Settlement—providing excellent monetary relief without delay—is highly beneficial for the Settlement Class. When considered in light of the potential hurdles faced in obtaining recovery through continued litigation, and the delay that would entail, the relief is well deserving of this Court's final approval. And the Settlement provides far more than "a fraction of the potential recovery." Though not providing a maximum value that conceivably might be awarded at trial at a later date, the Settlement provides substantial guaranteed monetary benefits now. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (a settlement is fair "if it gives [plaintiffs] the expected value of their claim if it went to trial, net the costs of trial"); *Hiram Walker*, 768 F.2d at 891 (settlement approved where "there [was] no showing that the amounts received by the beneficiaries were totally inadequate"). Here, the proposed Settlement ensures that Class Members will receive a settlement amount that is reasonable and consistent with the established facts as applied to the governing law. The Settlement thus ensures that the Additional Class Members will receive significant monetary relief *now*. In light of the substantial recovery this settlement provides and the attendant risks of litigation, this factor weighs in favor of final approval.

### C. Litigation Through Trial and Appeals Would Be Complex, Costly, and Long (Second Factor).

The second factor to be considered is the complexity, length, and expense of litigation that will be avoided by the proposed settlement, which also weighs in favor of final approval. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002 (N.D. Ill. 2000) ("As courts recognize, a dollar obtained in settlement today is worth more than a dollar obtained after a trial and appeals years later." *Goldsmith v. Tech Sols. Co.*, No. 92 C 4374, 1995 WL 17009594, at *4 (N.D. Ill. Oct.

10

10, 1995). Here, the Settlement allows Settlement Class Members to receive immediate relief, avoiding lengthy and costly additional litigation.

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiff seeks to avoid significant expense and delay, and instead ensure recovery for the class. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985). What lies ahead would be years of litigation at every phase of this case. Although Class Counsel believes Plaintiff's case is strong, it is subject to considerable risks and costs if the case is not settled, as demonstrated above.

Continued litigation carries with it a decrease in the time value of money, for "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The proposed settlement provides immediate benefits.

If litigation were to continue, extensive class discovery would be required to establish liability and damages, resulting in numerous depositions, a fully briefed motion for Rule 23 class certification, potential decertification proceedings, and summary judgment practice on liability— all of which would prolong the risk, time, and expense associated with a complex trial, or trials, for damages. Any judgment would likely be appealed, further extending the litigation. These costs of further litigation are considerable in terms of both time and money but would not reduce the risks that litigation holds for the class. *See Isby*, 75 F.3d at 1199. On the other hand, "[s]ettlement allows the class to avoid inherent risk, complexity, time, and cost associated with continued

11

litigation." *Schulte*, 805 F. Supp. 2d at 586. Again, although Plaintiff believes in the strength of his claims—a risk that Defendant appreciated in light of the Settlement it agreed to—further litigation poses risks on both sides. Under these circumstances, the benefits of a guaranteed recovery today as opposed to an uncertain result in the future, are readily apparent. Accordingly, this factor weighs in favor of final approval.

### D. The Reaction of the Class Has Been Positive (Third Factor).

The Settlement Class's reaction to the Settlement has been overwhelmingly positive and weighs strongly in favor of final approval. Zero Class Members opted-out of the Settlement, and zero Class Members objected. Admin. Decl. ¶¶ 11-12. The absence of objections by persons in the Settlement Class is significant in determining whether the proposed Settlement is reasonable to the Settlement Class as a whole. *See Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"); *Mangone v. First USA Bank*, 206 F.R.D. 222, 226-27 (S.D. Ill. 2001) (same). The lack of any opposition or exclusion requests demonstrates overwhelming support for the Settlement. Accordingly, this factor also favors final approval.

### E. Competent Counsel for All Parties Endorse this Agreement (Fourth Factor).

Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982) (quoting *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 325 (7th Cir. 1980)); *see also Isby*, 75 F.3d at 1200. However, they cannot rely solely on that opinion, *see Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). Importantly, there was absolutely no collusion here. *See Isby*, 75 F.3d at 1200. Once the stay was lifted, the Parties entered into arms-length settlement negotiations, and those negotiations continued over the course

12

of several weeks. In short, it took the Parties considerable effort to reach the detailed terms of this Settlement now before the Court. (*See* Dkt. 209-4).

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." Herbert B. Newberg & Alba Conte, *Newberg of Class Actions ("Newberg")*, §11.41 at 11-88 (4th ed. 2002); *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). Class Counsel are competent and experienced in class actions, particularly employment and BIPA class actions, and are familiar with the strengths and weaknesses of the claims and defenses. (Dkt. No. 206-4, at ¶¶ 6-7). Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel could make, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement. (Dkt. 206-4 at. ¶ 16). Simply put, Class Counsel believe that the Settlement is certainly in the best interest of the Settlement Class. First, the monetary relief provided is consistent with relief in many similar class settlements and similar BIPA settlements. And a recovery for the Settlement Class now is preferable to years of litigation and inevitable appeals with no guarantee of recovery. This factor therefore weighs in favor of final approval.

    **F.**    **Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor).**

This Action was resolved nearly four years after it was filed. During this time, the Parties engaged in several stages of formal discovery. The parties completed written discovery, conducted depositions, and disputed several discovery motions. Additionally, Plaintiff had begun work on expert discovery and fully briefed a motion for class certification. The stage of litigation has advanced to a state that Class Counsel could fairly and fully evaluate the value of the Settlement

– indeed, formal discovery, class certification, further dispositive motion practice, and trial preparation were the immediate tasks at hand. Given the significant amount of time and resources spent by the Parties advancing the lawsuit, this factor favors Final Approval.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Unopposed Motion for Final Approval of Class Action Settlement, and enter the Proposed Final Approval Order, attached as Exhibit 1.

Date: January 18, 2024

Respectfully Submitted,

/s/ *Anna M. Ceragioli*
James B. Zouras
Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
jzouras@stephanzouras.com
aceragioli@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on January 18, 2024, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                */s/ Anna M. Ceragioli*