IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMES BOYD, individually, and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LAZER SPOT, INC.,**<br><br>Defendant. | No. 1:19-cv-08173<br><br>**Honorable Joan H. Lefkow**<br><br>**Magistrate Judge Maria Valdez** |

## FINAL APPROVAL ORDER

This matter coming to be heard on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion") and Class Counsel's Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative ("Petition"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. Capitalized terms not defined herein shall have the meaning set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement"). The terms of the Settlement Agreement are fully adopted and incorporated herein.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On October 25, 2023, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certified, for settlement purposes only, the original settlement class of the 719

individuals, and entered a final approval order of the class action settlement as to the original settlement class:

> All 719 individuals within the state of Illinois who enrolled in Defendant's Biometric System(s) and used such system while employed and/or working for Lazer Spot, Inc. in Illinois.

4. Also on October 25, 2023, this Court additionally certified, for settlement purposes only, the following Settlement Class constituting 12 additional Settlement Class Members identified during the notice period (the "Settlement Class" or "Settlement Class Members"):

> All 12 individuals within the state of Illinois who enrolled in Defendant's Biometric System(s) and used such system while employed and/or working for Lazer Spot, Inc. in Illinois.

5. The Court finds for purposes of settlement that there is a bona fide legal dispute between the Parties as to whether Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to develop and adhere to a publicly available retention schedule and guidelines for permanently destroying biometric data.

6. For settlement purposes only, the Court confirms the appointment of Plaintiff James Boyd as Class Representative of the Settlement Class.

7. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class: attorneys from Stephan Zouras, LLP.

8.     The Court grants Final Approval of the Settlement memorialized in the Settlement Agreement filed with the Court for the Settlement Class.

9.     The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court finds that: (a) the complexity, length and expense of further litigation support Final Approval of the Settlement; (b) the Settlement Fund of $30,000.00 for the 12 Settlement Class Members is a fair, reasonable and adequate settlement of the claims in the Action; (c) the Settlement was reached pursuant to arm's-length negotiations between Counsel for the Parties; (d) the support for the Settlement expressed by Class Counsel and Counsel for Defendant, all of whom have significant experience representing parties in complex class actions, weighs in favor of Final Approval of the Settlement; (e) the absence of any exclusion requests or objections to the settlement by Class Members supports Final Approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and therefore warrants Final Approval of the Settlement.

10.    The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

11.    The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Settlement Class Members.

12. The Court adjudges that upon the Effective Date of the Settlement Agreement, the Plaintiff and all Settlement Class Members, and the other Released Parties by operation of this final judgment shall be fully bound by the release terms and provisions set forth in the Settlement Agreement and, in accordance therewith, hereby fully, finally and forever release, waive, and discharge any and all Released Claims against the Released Parties.

13. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the Released Claims will be binding on, and have *res judicata* preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Settlement Class Members who did not validly and timely request exclusion from the Settlement and each of their predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

15. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement

Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

16. No Settlement Class Members have objected to any of the terms of the Settlement Agreement, and no Settlement Class Members have excluded themselves.

17. Analytics Consulting, LLC is administering the Settlement as the Settlement Administrator pursuant to the terms of the Settlement Agreement. Analytics Consulting, LLC has already made payments to the Plaintiff and the 719 Settlement Class Members, and shall make a settlement payment to each of the 12 Settlement Class Members in accordance with the provisions of the Settlement Agreement.

18. Any uncashed settlement funds will be distributed to a *cy pres* recipient, and the Court approves the St. Christopher Trucker Relief Fund as the *cy pres* recipient, in accordance with the Parties' Agreement.

19. The Court approves payment of attorneys' fees to Class Counsel in the amount of $10,115.04. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, finds the award of attorneys' fees is appropriate and reasonable for the following reasons: (a) the Settlement provides substantial benefits to the Settlement Class; (b) the payment is fair and

reasonable in light of the substantial work performed by Class Counsel; (c) the Settlement was negotiated in good faith at arms-length without collusion. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought, and no Class Members objected to the Settlement or those terms.

20. The Court approves settlement administration expenses in an amount of $909.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. This Court hereby dismisses the case in its entirety with prejudice, without awarding costs or fees to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement. The Court finds that there is no just reason for delay in entering this Final Order and Judgment. The Clerk is directed to enter final judgment consistent with this Order.

23. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement as to the Settlement Class, to the extent permitted by law.

**IT IS SO ORDERED.**

Date: January 31, 2024

_____
Hon. Joan H. Lefkow